IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                                             **CRIMINAL ACTION NO. 2:18cr177**

**DEVONTA DOYLE,** *et al.,*

        **Defendants.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Brennan Smith's ("Defendant Smith") Motion to Dismiss Count Seven of the superseding indictment. ECF No. 155. For the reasons set forth below, the Motion is **DENIED**.

## I.    BACKGROUND & PROCEDURAL HISTORY

On March 6, 2019, Defendant Smith and Defendant Darrius A. Heuser-Whitaker ("Defendant Heuser-Whitaker," collectively "Defendants"), along with eight other individuals, were named in a Superseding Indictment. ECF No. 141. Defendant Smith is charged with Count One, Conspiracy to Interfere with Commerce by Means of Robbery ("Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951(a); Count Six, Attempted Hobbs Act Robbery, in violation of 18 U.S.C. §§ 2, 1951(a); and Count Seven, Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). Defendant Heuser-Whitaker is charged with Count One, Conspiracy to Commit Hobbs Act Robbery; Count Four, Hobbs Act Robbery; Count Five, Using and Carrying a Firearm During and in Relation to a Crime of Violence; Count Six, Attempted Hobbs Act Robbery; and Count Seven, Using and Carrying a Firearm During and in Relation to a Crime of Violence. Only Counts One, Six, and Seven are relevant to the Motion to Dismiss.

The Superseding Indictment alleges that Defendants and eight other individuals, along with other unindicted co-conspirators, conspired to commit a series of grocery store robberies. ECF No. 141 at 2–3. The alleged conspiracy involved a team of six individuals for each robbery, including inside look-outs, outside look-outs, a getaway driver, and two gunmen armed with semiautomatic weapons. *Id.* at 2. In total, the group allegedly committed or attempted to commit three robberies: the September 25, 2018 robbery of a Food Lion; the September 29, 2018 robbery of a second Food Lion; and the October 3, 2018 attempted robbery of a Harris Teeter. *See generally id.* at 4–7.

On March 14, 2019, Defendant Smith filed a Motion to Dismiss Count Seven of the superseding indictment. ECF No. 155. On March 27, 2019, the Government filed its response in opposition. ECF No. 168. On March 29, 2019, Defendant Heuser-Whitaker filed a Motion to Adopt Defendant Smith's motion, ECF No. 169, which the Court granted on April 3, 2019.[1] ECF No. 175. Since then, the Supreme Court of the United States issued an opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019). Based on this new directly controlling precedent, the Court ordered supplemental briefing on the effect of this case on June 25, 2019. ECF No. 218. The Government filed its brief on July 9, 2019. ECF No. 227. Defendant Smith filed his on July 10, 2019. ECF No. 228.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to move to dismiss the indictment for failure to state an offense before trial. To overcome such a motion, the indictment

---

[1] On March 20, 2019, Defendant Devonta Doyle ("Defendant Doyle") also filed a similar motion to dismiss Counts Three and Five on the same reasoning as stated in Defendant Smith's motion. ECF No. 166. On April 3, 2019, Defendant Quayshawn M. Davidson ("Defendant Davidson") filed a motion to adopt Defendant Doyle's motion as to Count Three. ECF No. 173. However, Defendant Davidson pleaded guilty to Counts One through Three on May 24, 2019, ECF No. 207, and Defendant Doyle pleaded guilty to Counts One through Seven on July 1, 2019. ECF No. 221. Therefore, the Court finds that Defendant Doyle's motions is **MOOT**.

must include every essential element of the offense. *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014). In general, it is "sufficient that an indictment set forth the offense in the words of the statute itself." *Id.* (internal quotation marks omitted). Furthermore, if the indictment meets this standard, it "is valid on its face" and the court may not "review the sufficiency of evidence supporting" the indictment because a valid "indictment returned by a legally constituted and unbiased grand jury" is "enough to call for trial of the charges on the merits." *United States v. Wills*, 346 F.3d 476, 488–89 (4th Cir. 2003).

### III. DISCUSSION

#### A. Section 924(c) and Crimes of Violence

Count Seven in the Superseding Indictment charges Defendants with Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). This statute subjects any individual "who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm" to a mandatory minimum of five years to be served consecutively to any other sentences (and even more time if the firearm is brandished or discharged). *Id.* A crime of violence is defined as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at § 924(c)(3)(A). While the statute also included any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" as a qualifying crime of violence, that provision was struck down as unconstitutionally vague in *Davis*. *Id.* at § 924(c)(3)(B); *Davis*, 139 S. Ct. 2319 (2019). Therefore, in order for a crime to qualify as a predicate act for a § 924(c) count, that crime must satisfy the definition in § 924(c)(3)(A).

3

## B. The Categorical and Modified Categorical Approaches

As the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has stated, courts must use the elements-based categorical approach in determining whether an offense constitutes a crime of violence as defined in § 924(c)(3)(A). *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019). A court must "look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *Id.* (citing *Leocal v. Aschroft*, 543 U.S. 1, 7–10 (2004)). Courts therefore do not look to the particular facts of the case. *Id.* (citing *United States v. McNeal*, 818 F.3d 141, 151–52 (4th Cir. 2016)). Accordingly, "[w]hen a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence," and the offense cannot stand as a predicate act for a § 924(c)(1)(A) count. *Id.*

However, when a statute is divisible, meaning that the statutory language "list[s] elements in the alternative, and thereby define[s] multiple crimes," courts must use the modified categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). The modified categorical approach requires a court to "look at a limited class of documents from the record," *id.* at 2245, specifically "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). After consulting these documents, the Court must then determine "what crime, with what elements, a defendant [is charged with]." *Mathis*, 136. Ct. at 2249. However, even though the modified categorical approach involves peeking behind the curtain and looking at some of the facts of the case, the Court must still "consider only the elements of the

4

offense." *United States v. Dozier*, 848 F.3d 180, 186 (4th Cir. 2017) (quoting *Mathis*, 136 S. Ct. at 2252).

**C. Counts One and Six as Predicate Acts for Count Seven**

In this case, the Superseding Indictment states that Count Seven, the § 924(c) count, is based on two possible predicate acts: Count One, the Hobbs Act Robbery Conspiracy charge, or Count Six, the Attempted Hobbs Act Robbery charge. ECF No. 141 at 13. The Court will address each in turn.

*1. Count One: Conspiracy to Commit Hobbs Act Robbery*

The Fourth Circuit has specifically held that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A) pursuant to the elements-based categorical approach. *Simms*, 914 F.3d at 233–34. "This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." *Id.* The Government, in its supplemental brief, concedes this point. ECF No. 227 at 2. Accordingly, Count One cannot support Count Seven.

*2. Count Six: Attempted Hobbs Act Robbery*

The Government contends, however, that Count Six, Attempted Hobbs Act Robbery, still meets the definition of a "crime of violence" under § 924(c)(3)(A). *Id.* at 2–3. The Government believes that that crime still has an element that involves "'the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* at 2 (quoting 18 U.S.C. § 924(c)(3)(A)). In support, the Government cites to several cases from this Court and two United States Court of Appeals. ECF No. 168 at 4–5.

Defendant Smith argues that Attempted Hobbs Act Robbery is not a crime of violence because the essential elements of such an offense do not necessitate the use, attempted use, or threatened use of violence. ECF No. 155 at 3–9.

This Court has previously held that substantive Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A). *United States v. Gale*, No. 4:17-cr-47, 2017 WL 3037796, at *5 (E.D. Va. July 18, 2017). This is in line with several cases from eight different United States Court of Appeals. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 106–09 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–66 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 290–92 (7th Cir. 2017); *Diaz v. United States*, 863 F.3d 781, 783–84 (8th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

As a general matter, "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony." *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017). The Fourth Circuit has agreed with this conclusion, at least in an unpublished opinion. *United States v. Holland*, 749 F. App'x 162, 166 (4th Cir. Sept. 13, 2018) (citing *Hill*, 877 F.3d at 719–20). Because *Hill* was decided in the context of § 924(e), it should also apply to § 924(c). *See In re Total Realty Mgmt., LLC*, 706 F.3d 245, 251 (4th Cir. 2013) (citing *Healthkeepers, Inc. v. Richmond Ambulance Auth.*, 642 F.3d 466, 472 (4th Cir. 2011)) ("Canons of construction also require that, to the extent possible, identical terms or phrases used in different parts of the same statute be interpreted as having the same meaning.").

As for attempted Hobbs Act robbery specifically, the United State Court of Appeals for the Eleventh Circuit has held that that crime qualifies as a crime of violence under § 924(c)(3)(A).

*United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018). Several cases from this District have concluded the same. *See, e.g.*, *United States v. Jackson*, No. 3:13-cr-189, 2019 WL 1810984, at *4 (E.D. Va. Apr. 24, 2019) (citing *St. Hubert*, 909 F.3d at 351); *United States v. Smith*, No. 3:13-cr-141, 2019 WL 1810983, at *3 (E.D. Va. Apr. 24, 2019) (citing *St. Hubert*, 909 F.3d at 351). This conclusion comports with the language of § 924(c)(3)(A). An offense must include "the use, *attempted* use, or threatened use of physical force." *Id.* (emphasis added). Therefore, the Court finds that Count Six, the Attempted Hobbs Act Robbery charge, qualifies as a crime of violence under § 924(c)(3)(A) and is a predicate act for Count Seven.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion is **DENIED**. The Court **DIRECTS** the Clerk to provide a copy of this Order to Defendants' counsel and the United States Attorney's Office for the Eastern District of Virginia.

**IT IS SO ORDERED.**

Norfolk, Virginia
July /6, 2019

/s/
Raymond A. Jackson
United States District Judge