IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DEVONTA DOYLE,**

    **Petitioner,**

v.                                          **CRIMINAL ACTION NO. 2:18-cr-177**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Devonta Doyle's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). ECF No. 738 ("Pet'r's Mot."). The Government filed a Response in Opposition. ECF No. 742 ("Resp. Opp'n"). This matter is now ripe for judicial determination. Having reviewed the Motion and relevant filings, the Court finds a hearing unnecessary to address Petitioner's Motion. *See* 28 U.S.C. § 2255(b) (A court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."). For the reasons below, Petitioner's Motion is **DENIED**.

### I. FACTUAL BACKGROUND

On March 6, 2019, Petitioner was named in an eight count Superseding Indictment. ECF No. 141. Count One charged Petitioner with Conspiracy to Interfere with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a). *Id.* Counts Two, Four, and Six charged Petitioner with Interference and Attempted Interference with Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951(a) and 2. *Id.* Counts Three, Five, and Seven charged Petitioner with Use of a

Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii) and (iii). *Id.* Count Eight charged Petitioner with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). *Id.* On July 1, 2019, Petitioner pled guilty to Counts One through Seven of the Superseding Indictment. ECF No. 221.

According to the Presentence Investigation Report ("PSR"), between September 25, 2018, to October 3, 2018, Petitioner was part of a conspiracy to rob grocery stores with his codefendants. ECF No. 668 ¶ 17. The conspiracy involved at least a six-member team in each robbery to include lookouts, a getaway driver, and gunmen. *Id.* Petitioner, Darrius Heuser-Whitaker, Quayshawn M. Davidson, and Cato M. Battle wore masks and clothing that covered their heads and faces during the robberies. *Id.* Additionally, Brennan K. Smith, Willey E. Brooks, Jr., Monica Perkins, Keonte Yorkshire, and others served as lookouts inside the grocery stores, and Brandon C. Tisdale, Trevor L. Tisdale, Keonte K. Yorkshire, and others served as outside lookouts. *Id.* The outside lookouts used police scanners to monitor police activity and encrypted communications and earpieces to communicate with the robbers. *Id.*

On or around September 25, 2018, Petitioner and his codefendants robbed a Food Lion in Virginia Beach, Virginia. *Id.* Petitioner and Davidson each brandished and pointed a firearm in the direction of two Food Lion employees and a customer, forced them to get on the ground, and stole approximately $4,880 at gunpoint.

On or around September 29, 2018, Petitioner and his codefendants robbed another Food Lion in Virginia Beach, Virginia. Petitioner, along with Brandon and Trevor Tisdale, served as lookout for the robbery team. *Id.* Petitioner and his codefendants stole U.S. currency from the Food Lion. *Id.* Around October 3, 2018, Petitioner and his codefendants attempted to rob a Harris Teeter. Petitioner and codefendants Battle and Heuser-Whitaker entered the Harris Teeter with their faces

covered with masks. *Id.* Petitioner and Heuser-Whitaker both brandished firearms and pointed the firearms at a Harris Teeter manager and forced him over to a safe telling him to open it and give them the money. *Id.* Petitioner discharged his firearm multiple times at the manager striking him once in the leg. *Id.* All three robbers and the lookouts fled the store. *Id.*

On October 30, 2018, Petitioner was interviewed by case agents and denied any involvement in the robberies. On November 15, 2018, case agents interviewed Brandon Tisdale, where he advised that Petitioner shot the manager during the Harris Teeter robbery, and threw shoes and clothing out of the car window near Lynnhaven Parkway. *Id.* On February 22, 2019, Petitioner was again interviewed by case agents, where he advised that he was not involved with any of the planning of the robberies and did not intend to shoot the manager. *Id.* Further, Petitioner advised that he had a baby on the way and was "looking for money." *Id.*

Petitioner was assessed a Criminal History Category of V and a Total Offense Level of 28. *Id.* ¶¶ 86, 95. On October 9, 2019, the Court sentenced Petitioner to 212 months of incarceration. ECF No. 337. Additionally, the Court issued a Restitution Order ordering Petitioner to pay restitution in the amount of $5,611.09, jointly and severally with his codefendants. ECF No. 338. On November 4, 2019, Petitioner appealed his conviction and sentence. ECF No. 372. On July 25, 2022, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") issued an Unpublished Per Curiam Opinion affirming in part and vacating in part Count 7. ECF Nos. 567, 568. On October 13, 2022, the Court amended Petitioner's sentence to reflect the Fourth Circuit's ruling. ECF No. 589. On June 5, 2024, the Court granted Petitioner's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c), reducing his term of imprisonment from 44 months to 38 months on Counts One, Two, Four, and Six. ECF No. 694.

On June 3, 2025, Petitioner timely filed the instant *pro se* Motion to Vacate, Set Aside, or

Correct a Sentence pursuant to 28 U.S.C. § 2255. Pet'r's Mot.

## II. LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013).

## III. DISCUSSION

Petitioner moves the Court to vacate his conviction based on two grounds: (1) the Fourth Circuit has held that 18 U.S.C. § 924(c) is unconstitutional; (2) Hobbs Act robbery is not a crime of violence. Pet'r's Mot. at 7.

Petitioner's claims are procedurally defaulted and barred from review because he failed to bring them on direct appeal. Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains;" or (2) that "a miscarriage of justice would result from the refusal of the court

to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. A petitioner may establish cause and prejudice by demonstrating that the defaulted claim is "so novel that its legal basis [was] not reasonably available to counsel." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). Further, a claim may be sufficiently novel to demonstrate cause and prejudice when a subsequent Supreme Court decision "disapprov[es] a practice [the Supreme] Court arguably has sanctioned in prior cases." *United States v. McKinney*, 60 F.4th 188, 194 (4th Cir. 2023) (quoting *United States v. Johnson*, 457 U.S. 537, 551-52 (1982)).

Here, the Court is unaware of, and the Petitioner fails to cite any subsequent Fourth Circuit or Supreme Court decisions involving the constitutionality of the force clause of 924(c) or Hobbs Act robbery and whether it constitutes a predicate offense under 924(c). Thus, Petitioner fails to demonstrate cause and prejudice that is sufficient to raise his procedurally defaulted claims.

Petitioner also fails to establish actual prejudice resulting from the errors of which he claims. "To establish prejudice, a § 2255 petitioner must show that the default 'worked to his actual and substantial disadvantage' and has 'constitutional dimensions.'" *United States v. Green*, 67 F.4th 657, 668 (4th Cir. 2023). Furthermore, when a petitioner "collaterally attacks a § 924(c) conviction solely on the ground that a predicate offense is invalid after *Davis*, the petitioner cannot show prejudice if the predicate offense qualifies as a crime of violence under the elements clause." *Id.* Here, Petitioner cannot demonstrate prejudice because he attempts to challenge his conviction for Hobbs Act robbery which the Fourth Circuit has held constitutes a crime of violence that satisfies the elements clause. *See United States v. Mathis*, 932 F.3d 242, 263, 265-66 (4th Cir. 2019) (finding Hobbs Act robbery falls within the scope of the elements clause because it "has as an element the use, attempted use, or threatened use of physical force against the person or property

of another.").

Lastly, Petitioner cannot, nor does he attempt to excuse his procedural default by demonstrating actual innocence. The Supreme Court has explained that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The overwhelming evidence against Petitioner in the underlying case is undisputed. Petitioner confessed to law enforcement that he was involved in the robberies and that he shot the store manager. ECF No. 668. Additionally, Petitioner admitted his involvement in the underlying case when he testified at the trial of his co-defendant Darrius Heuser-Whitaker.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED**. ECF No. 738.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based upon incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written

notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

    **IT IS SO ORDERED.**

Norfolk, Virginia
December 5, 2025

/s/
Raymond A. Jackson
United States District Judge